IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**BRUNSON ROBERTS**                                                                      **PLAINTIFF**
**ADC #127841**

**NO. 3:20-cv-00391-KGB-ERE**

**DEXTER PAYNE,** *et al.*                                                               **DEFENDANTS**

**ORDER**

Three motions are pending before the Court: (1) Plaintiff Brunson Roberts'

motion for sanctions (*Doc. 107*); (2) Mr. Roberts' motion for a subpoena for

documents (*Doc. 110*); and (3) Defendants' motions to compel (*Docs. 112, 114*).

Each motion will be discussed below.

I.      **BACKGROUND**

On December 2, 2020, Mr. Roberts filed this *pro se* § 1983 lawsuit. *Doc. 2.*

Mr. Roberts claims are that while he was held at the Grimes Unit: (1) Defendants

Raylina Ramsey, Zackery Harmon, Clinton Baker, Nicholas Wilson, Jasmina

Morton, and Joe Page retaliated against him from September to October of 2020 for

filing a grievance in May of 2020 complaining that ADC officials failed to protect

him; and (2) Defendants Dexter Payne, Lewis Young, and Joe Page failed to take

any corrective action regarding the alleged retaliation.[1] *Docs. 2, 6, 8.*

_____

[1] Specifically, Mr. Roberts alleges that Ms. Ramsey placed him in a substance abuse
program and moved him from barracks to barracks; Mr. Harmon placed him in punitive isolation;
Mr. Page placed him in a barracks with violent inmates; and Mr. Baker, Mr. Wilson, Ms. Morton,
and Mr. Page falsified disciplinary charges against him after he was attacked on October 26, 2020.

On February 9, 2022, after a brief hearing, the Court entered an Order extending discovery and directing the parties to respond to outstanding written discovery by March 3, 2022. *Doc. 102*.

## II.    DISCUSSION

### A.    Motion for Sanctions

On March 10, 2022, Mr. Roberts filed the pending motion for sanctions, arguing Defendants have refused to produce documents or answer interrogatories "for oppressive reasons." *Doc. 107*. Defendants, arguing Mr. Roberts is not entitled to sanctions, have provided their responses to Mr. Roberts' Third Set of Requests for Production and First Set of Interrogatories, sent to Mr. Roberts on March 3, 2022. *Doc. 111*. After review, the Court finds that Defendants' discovery responses comply with the Federal Rules of Civil Procedure, with one exception.

The Court takes issue with Defendants' response to Mr. Roberts' requests for video footage from October 26, 2020, and December 7, 2020 contained in his Third Set of Requests for Production. *Doc. 111-1 at 43, Request for Production No. 1 & 2*. Defendants state that they cannot locate the video footage. However, they also state, contrary to the record, that no such footage was requested to be viewed or

---

*Docs. 2, 6.* The Court dismissed Mr. Roberts claims regarding insufficient security at the Grimes Unit and claims against William Straughn. *Docs. 31, 51, 61, 105.*

preserved. *Doc. 111 at 2, Doc. 111-1 at 43*. Defendants' position ignores the steps

Mr. Roberts has taken to attempt to preserve video evidence as well as the Court's

prior Orders regarding the video evidence.

On December 14, 2020, Mr. Roberts filed a motion for a preliminary

injunction asking the Defendants to preserve video footage from October 26, 2020

and December 7, 2020. *Doc. 5*. The Court entered a Recommendation directing the

ADC to preserve all relevant information and sent a copy of the Recommendation

to the Warden of the Grimes Unit, reminding him of his duty to preserve all evidence

that might be relevant to this lawsuit. *Doc. 30 at 2*.[2] On August 6, 2021, District

Judge Kristine G. Baker adopted the Recommendation and again reminded the

Warden of his "duty to preserve all evidence that might be relevant to the issues in

this lawsuit, including the requested video footage." *Doc. 60*.  Finally, even without

the Court's direct Order to preserve the video evidence, Defendants had a duty to

take "reasonable steps" to preserve the video evidence once they knew: (1) the

federal lawsuit had been filed; and (2) potentially relevant video evidence existed.

Fed. R. Civ. P. 37(e).

---

[2] This Order was entered by Magistrate Judge Beth Deere, who was assigned to the case until May 28, 2021, when the referral was reassigned to the undersigned Magistrate Judge. *Doc. 52*.

It is *possible* that Defendants' failure to preserve the two videos could trigger sanctions such as a spoliation instruction at trial. See *Lincoln Composites, Inc. v. Firetrace USA, LLC*, 825 F.3d 453, 463 (8th Cir. 2016) (quoting *Burris v. Gulf Underwriters Ins. Co.*, 787 F.3d 875, 879 (8th Cir. 2015)) (an adverse inference instruction requires two explicit findings: (1) "intentional destruction indicating a desire to suppress the truth," and (2) "prejudice to the opposing party"). However, it is premature to rule on that issue. Because the primary remedy for spoliation is imposed at trial, with an adverse inference jury instruction, the Court will take up any spoliation issue *after* it has resolved any future motions for summary judgment on the merits and determined that the case is ready to be set for trial.

Accordingly, Mr. Roberts' motion for sanctions (*Doc. 107*) is DENIED, without prejudice to Mr. Roberts' right to request a spoliation hearing at a later date, once it becomes clear that the case will proceed to trial.[3]

---

[3] If Mr. Roberts requests a spoliation hearing, he should also explain the relevance of the two videos. Specifically, what would the videos show and how would they help him prove his claims in this lawsuit.

For example, it is unclear how the December 7, 2020 video is arguably relevant to Mr. Roberts' retaliation claims in this lawsuit. Mr. Roberts filed this lawsuit on December 2, 2020, five days before December 7. As the Court has previously explained, "Mr. Roberts will not be permitted to litigate, in this action, acts of retaliation that occurred *after* the alleged retaliatory acts in September and October 2020 that are the focus of this lawsuit." *Doc. 59 at 4.*

**B.      Motion for Subpoena**

In Mr. Roberts' motion to subpoena, he again requests responses to his Third Request for Production of Documents. *Doc. 110*. As the Court has already noted, Defendants provided appropriate responses to Mr. Roberts' Third Request for Production of Documents. *Doc. 111-1*. Accordingly, Mr. Roberts' motion for a subpoena (*Doc. 110*) is DENIED, as moot.

**C.      Motions to Compel**

Finally, on March 24 and March 29, 2022, Defendants filed motions to compel asking the Court to compel Mr. Roberts to execute a medical release authorization allowing Defendants to obtain his medical records.[4] *Docs. 112, 114*. Mr. Roberts has refused to sign a medical release. *Docs. 112-1, 112-2*.

Defendants explain they need Mr. Roberts' medical records because he claims to have suffered multiple physical injuries at the hands of Defendants, for which he is seeking money damages in this lawsuit. *Doc. 112*. Defendants have a legitimate need for Mr. Roberts' medical records in order to defend against his claims in this lawsuit. See Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. . .").

---

[4] The motions and supporting briefs appear to be identical.

Accordingly, Defendants' motions to compel (*Docs. 112, 114*) are GRANTED. Mr. Roberts must sign the authorization for release of medical information within seven days of this Order or risk dismissal of this lawsuit. See Fed. R. Civ. P. 37(b)(2) (a court may dismiss an action if "a party . . . fails to obey an order to provide or permit discovery"); Fed. R. Civ. P. 41(b) (a court may involuntarily dismiss a case if a party fails "to comply with . . . any order of court").

IT IS THEREFORE ORDERED THAT:

1.      Mr. Roberts' motion for sanctions (*Doc. 107*) is DENIED without prejudice to Mr. Roberts' right to request a spoliation hearing if the case proceeds to trial.

2.      Mr. Roberts' motion for a subpoena (*Doc. 110*) is DENIED, as moot.

3.      Defendants' motions to compel (*Doc. 112, 114*) are GRANTED. Mr. Roberts must sign the authorization for release of medical information within seven days of this Order or risk dismissal of this lawsuit.[5]

IT IS SO ORDERED this 31st day of March, 2022.

_____
UNITED STATES MAGISTRATE JUDGE

---

[5] Mr. Roberts is scheduled to be deposed on April 7, 2022. Defendants may elect to postpone the deposition until they have had an opportunity to review Mr. Roberts' medical records. If necessary, the Court will extend the dispositive motion deadline.