## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## NORTHERN DIVISION

**BRUNSON ROBERTS**                                                                                       **PLAINTIFF**

**v.**                              **Case No. 3:20-cv-00391 KGB**

**DEXTER PAYNE,** *et al.*                                                                              **DEFENDANTS**

### ORDER

Before the Court is Mr. Roberts's motion for *in camera* inspection of evidence and response to docket entry 167 (Dkt. No. 178). Mr. Roberts seeks an *in camera* inspection of evidence "due to the magistrate refusing to even acknowledge the evidence [Mr. Roberts] presented to rebut the Defendants['] evidence." (*Id.*, at 2). Mr. Roberts has written his motion in the form of "objections" (*Id.*, at 2–4). The Court understands this filing to constitute objections to United States Magistrate Judge Edie R. Ervin's Recommended Disposition (Dkt. No. 167).

The Court twice extended Mr. Roberts's deadline to file objections to Magistrate Judge Ervin's Recommended Disposition (Dkt. Nos. 169; 174). Mr. Roberts's final deadline to file such objections was March 9, 2023 (Dkt. No. 174). On March 10, 2023, this Court adopted Judge Ervin's Recommended Disposition, in its entirety, as its findings in all respects, without having received any objections from Mr. Roberts (Dkt. No. 175). This Court entered a Judgment dismissing this case that same day (Dkt. No. 176).

The Court received Mr. Roberts's motion containing objections to Judge Ervin's Recommended Disposition on March 20, 2023 (Dkt. No. 178). The envelope with Mr. Roberts's filing displays five dates on the front: the first includes a note that says "Legal Mail Sent Out 3-9-2023," the second appears to have a signature and the date "3/11/23," the third appears to have

a signature and the date "3-12-23," the fourth is a red postage stamp dated "3/13/2023," and the fifth is another stamp that appears to say "MON 13 MAR 2023" (Dkt. No. 178, at 27).

Mr. Roberts's objections, if placed into the appropriate mail receptacle on March 9, 2023, would have been in the hands of prison authorities before the termination of Mr. Roberts's filing deadline.  However, for the reasons stated below, the filing remains untimely.

Typically, when the Court establishes a filing deadline, the Clerk of Court must receive the filing by that date.  *See generally* Fed. R. Civ. P. 6.  The United States Supreme Court modified this understanding in *Houston v. Lack* when it held that a "prison mailbox rule" applied to notices of appeal.  487 U.S. 266, 276 (1988).  Originally, the prison mailbox rule considered a notice of appeal from a *pro se* prisoner as timely filed if the prisoner delivered it "to the prison authorities for forwarding to the court clerk" before the filing deadline elapsed.  487 U.S. 266, 276 (1988). Federal Rule of Appellate Procedure 4(c) now codifies this rule, allowing *pro se* prisoners to timely file a notice of appeal if:

> the notice . . . is deposited in the institution's internal mail system on or before the last day for filing and:
>
> (A) it is accompanied by:
>
>> (i) a declaration in compliance with 28 U.S.C. § 1746--or a notarized statement--setting out the date of deposit and stating that first-class postage is being prepaid; or
>> (ii) evidence (such as a postmark or date stamp) showing that the notice was so deposited and that postage was prepaid; or
>
> (B) the court of appeals exercises its discretion to permit the later filing of a declaration or notarized statement that satisfies Rule 4(c)(1)(A)(i).

The Eighth Circuit has expanded the application of the prison mailbox rule to specific filings other than notices of appeal.  *See  Nicholas v. Bowersox*, 172 F.3d 1068, 1077 (8th Cir.

1999) (en banc), *abrogated on other grounds by Riddle v. Kemna*, 523 F.3d 850 (8th Cir. 2008) (applying the prison mailbox rule to habeas petitions under 28 U.S.C. § 2254); *Moore v. United States*, 173 F.3d 1131, 1135 (8th Cir. 1999) (applying the prison mailbox rule to motions filed under 28 U.S.C. § 2255); *Sulik v. Taney Cty., Mo.*, 316 F.3d 813, 815 (8th Cir. 2003), *overruled on other grounds*, 393 F.3d 765 (8th Cir. 2005) (applying the prison mailbox rule to complaints filed under 42 U.S.C. § 1983).  However, the Eighth Circuit has not applied the prison mailbox rule to objections to recommended dispositions.  Therefore, Mr. Roberts's objections remain untimely because they did not arrive at the Clerk of Court's office until after the filing deadline had elapsed (Dkt. No. 178).

Furthermore, even if the prison mailbox rule did apply, Mr. Roberts would have been required to comply with the requirements in Federal Rule of Appellate Procedure 4(c).  *See Grady v. United States*, 269 F.3d 913, 916–18 (8th Cir. 2001) ("Under our jurisprudence . . . a prisoner seeking to benefit from the prison mailbox rule must satisfy the requirements of [Federal] Rule [of Appellate Procedure] 4(c) whether he files a notice of appeal, a habeas petition, or a [28 U.S.C.] § 2255 motion.").  Mr. Roberts has not complied with these requirements.

For these reasons, the Court denies Mr. Roberts's motion (Dkt. No. 178).

It is so ordered this 8th day of March, 2024.

_Kristine G. Baker_
Kristine G. Baker
Chief United States District Judge